IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AARON CLARK, | * | |
| Plaintiff, | * | |
| | | Civil Action No. BPG-08-2528 |
| v. | * | |
| BALTIMORE COUNTY, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM**

This civil rights case was referred to the undersigned for all proceedings with the consent of the parties, pursuant to 28 U.S.C. § 636(c) and Local Rule 301.4.  Currently pending is Defendant's Motion for Summary Judgment (Paper No. 19), plaintiff's Memorandum of Law in Opposition to Motion for Summary Judgment (Paper No. 20), and defendant's Reply in Support of Motion for Summary Judgment (Paper No. 24).  A hearing on the motion was held before this court on July 31, 2009.  Per the court's request, the parties then submitted supplemental letters on the issue of municipal liability.  (Paper Nos. 31, 32.)  For the following reasons, defendant's Motion for Summary Judgment is GRANTED.

**I.     Background**

This case arises from an incident involving plaintiff Aaron Clark and several members of the Baltimore County Police Department on the morning of August 13, 2007.  (Paper No. 2 at ¶ 4.)  Around 5:00 a.m. that morning, plaintiff drove to pick up a co-worker so that the two could travel to their summer employment in College Park, Maryland.  (Id. at ¶ 6.)  According to plaintiff, he was operating his vehicle lawfully; however, plaintiff had reported his car stolen the

week before and had not notified the police that he had recovered the vehicle. (Paper No. 2 at ¶ 7; Paper No. 20 at 1-2.) As plaintiff turned onto Old Court Road, near Park Heights Avenue in Baltimore County, three Baltimore County Police cars rapidly approached his vehicle from behind. (Paper No. 2 at ¶ 7.) One sped past plaintiff and then cut him off at a forty-five degree angle, forcing plaintiff's vehicle onto the side of the roadway; another police vehicle stopped directly behind plaintiff's rear bumper; and the third police vehicle pulled along the driver's side of plaintiff's car. (Id.)

Plaintiff asserts that the officers approached his vehicle with guns drawn. (Id.) Without stating why they had stopped plaintiff or giving him an opportunity to identify himself, one of the officers yanked open plaintiff's door, pulled him out of his unbuckled seat, and threw him to the ground. (Id.) The officer allegedly placed his knee in the middle of plaintiff's back to hold him on the ground. (Id.) Plaintiff had landed on top of one of the officer's flashlights, with the flashlight wedged between his sternum and the ground. (Id.) Despite his complaints of pain, plaintiff alleges, he was forced to remain on the ground in this uncomfortable position for ten to twenty minutes.[1] (Id. at ¶ 9.) Then, one or more of the police officers pulled plaintiff from the ground and shoved him against the back of his automobile. (Id. at ¶ 10.) Eventually, it was explained to plaintiff that he was stopped on the suspicion that he was driving a stolen car, and he was able to present proof of ownership and show that he was not in violation of any law or regulation. (Id. at ¶ 11.)

---

[1] Plaintiff alleges that, as a result of the officers' use of force, he suffered substantial pain, psychological and emotional injuries, and physical injuries to his neck, chest, arm, and leg. (Paper No. 20 at 5-6 (citing Paper No. 2 at ¶¶ 14, 20, 22, 25; Clark Dep. 5:3-11, 13:4; Pl's Resps to Req. for Prod. of Docs Ex. 6).)

Plaintiff filed suit against the Baltimore County Police Department, alleging that the officers' actions on August 13, 2007 constituted unlawful arrest[2] and excessive force, thus violating plaintiff's civil rights under 42 U.S.C. § 1983 and under Articles 24 and 26 of the Maryland Declaration of Rights.[3]  (Paper No. 2 at ¶¶ 16-25.)  On March 20, 2009, the Baltimore County Police Department filed the currently pending Motion for Summary Judgment.  (Paper No. 19.)  Defendant argued that it was entitled to summary judgment on three main grounds:  (1) plaintiff sued the wrong defendant, because the Baltimore County Police Department is not a cognizable legal entity; (2) the officers who would be the proper defendants have qualified immunity; and (3) plaintiff cannot prevail on his claim of excessive force.  (Id. at 2-8.)  By separate Order dated September 1, 2009, the undersigned granted plaintiff's request to substitute Baltimore County, which is a cognizable legal entity, as the defendant in this matter.  Plaintiff declined defendant's offer to have the officers who participated in plaintiff's arrest voluntarily enter their appearance as defendants in this matter.  (Paper No. 20 at 8-9.)  Thus, the sole issued raised by the instant motion is whether defendant Baltimore County is entitled to summary judgment on plaintiff's excessive force claim.

---

[2] According to defendant, plaintiff conceded during his deposition that the officers had probable cause to stop his car.  (Paper No. 19 at 2 n.1 (citing id. Ex. 1 at 7).)  More precisely, defendant testified that he did not inform the police when he recovered his vehicle and, therefore, they had reason to believe that the car he was driving on August 13, 2007 was stolen.  (Paper No. 19 Ex. 1 at 7.)  At the motions hearing before this court, plaintiff's counsel agreed that the officers had probable cause to stop plaintiff's vehicle.  Thus, the court will consider plaintiff to have conceded his claim for unlawful arrest.

[3] Article 24 provides substantive due process rights, while Article 26 protects the right to be free from unreasonable searches and seizures.  MD. CONST., DEC. OF RIGHTS arts. 24, 26.

3

## II.     Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  A genuine issue remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The only facts that are properly considered "material" are those that might affect the outcome of the case under the governing law.  Id.  The party moving for summary judgment has the burden of demonstrating the absence of any genuine issue of material fact.  Fed. R. Civ. P. 56(c); Pulliam Inv. Co. v. Cameo Props., 810 F.2d 1282, 1286 (4th Cir. 1987).

When considering a motion for summary judgment, the court views all facts and makes all reasonable inferences in the light most favorable to the non-moving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The non-moving party, however, may not rest on its pleadings, but must show that specific, material facts exist to create a genuine, triable issue.  Id.; see also Celotex, 477 U.S. at 324.  On those issues for which the non-moving party will have the burden of proof, it is his or her responsibility to oppose the motion for summary judgment with affidavits or other evidence specified in the rule.  Fed. R. Civ. P. 56(e); Mitchell v. Data General Corp., 12 F.3d 1310, 1315-16 (4th Cir. 1993).  If a party fails to make a showing sufficient to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment is proper.  Celotex, 477 U.S. at 322-23.

**III.     Discussion**

The only defendant in this case is defendant Baltimore County. To hold a municipality such as Baltimore County liable under § 1983 for the actions of its officers or employees, a plaintiff must demonstrate (1) that he was deprived of some right or privilege under the Constitution or laws of the United States, and (2) that this injury was inflicted in "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy."  Monell v. Dept. of Social Servs., 436 U.S. 658, 692-94 (1978). Defendant argues that plaintiff has failed to present sufficient evidence to satisfy either of these elements. (Paper No. 24 at 1-2.) The court must agree.

First, plaintiff has failed to present sufficient evidence to raise a genuine issue as to whether he suffered a violation of his constitutional rights. The constitutional injury alleged by plaintiff in this case is that the officers who stopped his vehicle on August 13, 2007 used excessive force against him. (Paper No. 2 at ¶¶ 16-20.) Claims of excessive force under § 1983 are analyzed under the Fourth Amendment's "objective reasonableness" standard.[4]  Graham v. Connor, 490 U.S. 386, 395 (1989). That is, "the inquiry . . . in an excessive force case is

---

[4]Defendant contends that a valid claim of excessive force requires a showing of actual injury, and any injury suffered by plaintiff in the present case was *de minimis*. (Paper No. 19 at 2-3 (citing Norman v. Taylor, 25 F.3d 1259, 1263 and n.4 (4th Cir. 1994) (en banc) (defining "excessive force" for claims under the Eighth Amendment); Irving v. Dormire, 519 F. 3d 441, 448 (8th Cir. 2008) (summarizing Eighth Circuit case law on excessive force claims under the Eighth Amendment)).) As plaintiff observes, however, the *de minimis* injury rule does not apply to claims of excessive force during the course of an arrest, for those claims assert a violation of the arrestee's Fourth Amendment right to be free from unreasonable seizures. (Paper No. 20 at 4-5 (citing Bibum v. Prince George's County, 85 F. Supp. 2d 557, 562-63 (D. Md. 2000); French v. Hines, 182 Md. App. 201, 259-64, 957 A.2d 1000, 1033-36 (2008)).) Plaintiff's claim in the instant matter must be analyzed under the Fourth Amendment's "objective reasonableness" standard, as described above. Graham, 490 U.S. at 393.

whether the degree of force used by the officer was objectively reasonable in light of the facts and circumstances confronting [him]." <u>Bibum v. Prince George's County</u>, 85 F. Supp. 2d 557, 563 (D. Md. 2000) (citations and internal quotation marks omitted).[5]

Here, plaintiff has failed to present sufficient evidence that the officers' use of force was excessive. In fact, plaintiff has failed to attach any evidence in support of his Memorandum of Law in Opposition to defendant's Motion for Summary Judgment (Paper No. 20). To demonstrate that he was the victim of excessive force, plaintiff relies almost solely on the allegations in his complaint, with a few additional references to the transcript of his deposition and his responses to defendant's requests for production of documents, neither of which are attached to plaintiff's memorandum. (Paper No. 20 at 1-2, 5-7 (citing Paper No. 2 at ¶¶ 14, 20, 22, 25; Clark Dep. 5:3-11, 13:4; Pl's Resps to Req. for Prod. of Docs Ex. 6).) Under Rule 56 of the Federal Rules of Civil Procedure, a party opposing a motion for summary judgment "may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2). "If the opposing party does not so respond, summary judgment should,

---

[5]The court's analysis of plaintiff's excessive force claim under § 1983 will also address plaintiff's excessive force claim under Articles 24 and 26 of the Maryland Declaration of Rights. See <u>Njang v. Montgomery County</u>, 279 Fed. Appx. 209, 215-16 and n.12 (4th Cir. 2008) (citations and internal quotation marks omitted) (observing that excessive force claims under Article 26 are analyzed in the same manner as excessive force claims under the Fourth Amendment through § 1983, since the two provisions create coextensive prohibitions against unreasonable searches and seizures, and also noting that a "claim under Article 24 is analyzed under Maryland state law in the same manner as if the claim were brought under Article 26"); accord <u>Wright v. Town of Glenarden</u>, No. 95-2580, 1996 U.S. App. LEXIS 15393 (4th Cir. June 26, 1996) (per curiam) (affirming district court's reliance on the same analysis in granting summary judgment for defendant municipality on plaintiff's excessive force claims under both § 1983 and the Maryland Declaration of Rights).

if appropriate, be entered against that party." Id. Thus, plaintiff's failure to support his opposition with any evidence aside from the allegations in his complaint is grounds for granting summary judgment in favor of defendant.

Even if plaintiff had presented some evidence that he was the victim of an unconstitutional use excessive force, there is no evidence in the record that this injury was inflicted in execution of Baltimore County's policy or custom. To hold a municipality liable under § 1983 for the unconstitutional acts of its officers or employees, "it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality." Board of County Comm'rs v. Brown, 520 U.S. 397, 404 (1997). Municipalities may not be held liable under a theory of respondeat superior for the constitutional torts of their officers or employees. Monell, 436 U.S. at 691. On the contrary, the plaintiff must be able to point to a policy or custom of the municipality and demonstrate that this policy or custom was the "'motivating force' behind the injury alleged." Brown, 520 U.S. at 403-04; see also Solis v. Prince George's County, 153 F. Supp. 2d 793, 806 (D. Md. 2001) (citation and internal quotation marks omitted) ("Section 1983 plaintiffs seeking to impose liability on a municipality must . . . adequately plead and prove the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of their rights."). A plaintiff may show the existence of a policy or custom in four main ways: "(1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that 'manifest[s] deliberate indifference to the rights of citizens'; or (4) through a practice that is so 'persistent and widespread' as to constitute a 'custom or usage with the force of law.'" Lytle v. Doyle, 326

F.3d 463, 471 (4th Cir. 2003) (citing Carter v. Morris, 164 F.3d 215, 217 (4th Cir. 1999)).  As for the causation element, "Proof merely that such a policy or custom was 'likely' to cause a particular violation is not sufficient; there must be proven at least an 'affirmative link' between policy or custom and violation . . . ."  Spell v. McDaniel, 824 F.2d 1380, 1388 (4th Cir. 1987) (citations omitted).

In the instant case, the municipal policy that plaintiff claims was responsible for the allegedly excessive use of force against him was Baltimore County's policy, as articulated in its Answers to Plaintiff's First Set of Interrogatories, of granting its police officers the discretion to determine what level of force to use in detaining individuals suspected of car theft:

> If we call a license tag in and the response from dispatcher is that the vehicle is stolen, then we are obliged to pull the vehicle over and investigate.  Invariably this is done on the side of the road or highway with weapons drawn and commands to show hands.  What is done after that depends on the response received from the driver of the apparently stolen vehicle.

(Paper No. 20 at 11 (citing Def. Baltimore County Police Dep't's Answers to Pl.'s First Set of Interrogs., at 3).)[6]  According to plaintiff, Baltimore County "knew or should have known that

---

[6]During the motions hearing and in a post-hearing letter filed per the court's request, when asked to articulate the policy of Baltimore County that caused the allegedly excessive use of force in this case, plaintiff's counsel seemed to conflate this Answer to Plaintiff's Interrogatories (approaching car with guns drawn and an instruction to show hands and then leaving the rest up to the discretion of the officers and the actions of the suspect), with the actual conduct of the officers on the date in question (cutting off plaintiff's vehicle, pulling him from the car, and throwing him to the ground without first informing him of why they had stopped him or giving him a chance to identify himself).  (Paper No. 32 at 2-3.)  The isolated actions of officers lacking any policy-making authority cannot be said to reflect the "policy" of the municipality, however.  Spell, 824 F.2d at 1386 (citation and internal quotation marks omitted) (observing that "policy" implies a "course of action consciously chosen from among various alternatives respecting basic governmental functions, as opposed to episodic exercises of discretion in the operational details of government").  In other words, plaintiff cannot rely on the isolated actions of handful of Baltimore County police officers on August 13, 2007 to establish a "policy or custom" of Baltimore County.  Thus, the court will consider the "policy" at issue in

such a vague policy with such an extreme position would inevitably lead to a violation of civil rights." (Paper No. 32; <u>see</u> also Paper No. 20 at 10 (citing <u>Jones v. Murphy</u>, 470 F. Supp. 2d 537 (D. Md. 2007) (acknowledging that the Fourth Circuit might permit municipalities to be held liable under § 1983 for sending arrestees to a jail where the municipality knows those individuals' constitutional rights will be violated, but holding that the municipality in that case could not be held liable since it had no choice but to send its arrestees to the facility in question); <u>Ashton v. Brown</u>, 339 Md. 70, 660 A.2d 447 (1995) (holding municipality liable for officers' unconstitutional arrest of plaintiffs for violating municipality's unconstitutionally vague curfew)).)

      The court finds that plaintiff has not presented sufficient evidence to raise a genuine issue as to whether the alleged use of excessive force in this case arose from Baltimore County's policy of allowing its police officers the discretion to determine, on a case-by-case basis, the level of force necessary to detain individuals suspected of car theft. On its face, this policy does not encourage or even permit the use of excessive force. Where a plaintiff asserts that a "facially lawful municipal action has led an employee to violate a plaintiff's rights," the plaintiff "must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." <u>Brown</u>, 520 U.S. at 407 (citing <u>City of Canton v. Harris</u>, 489 U.S. 378, 388 (1989)). Here, plaintiff asserts that Baltimore County's discretionary policy "would inevitably lead to a violation of civil rights" but provides no support for this claim. (Paper No. 32 at 2.) As mentioned above, "Proof merely that such a policy or custom was 'likely' to cause a

---

this case to be restricted to the policy articulated by defendant's Answer to Plaintiff's Interrogatories, as cited above.

particular violation is not sufficient; there must be proven at least an 'affirmative link' between policy or custom and violation . . . ." Spell, 824 F.2d at 1388 (citations omitted). Indeed, the only alleged example of the policy in question leading to the use of excessive force is plaintiff's own case, and "Neither the existence of such a policy or custom nor the necessary causal connection can be established by proof alone of the single violation charged." Spell, 824 F.2d at 1388 (citations omitted).

Thus, on the record currently before the court, plaintiff has failed to allege or prove any facts that would create a genuine issue as to whether a policy or custom of Baltimore County led to the allegedly excessive force used against plaintiff by Baltimore County police officers on August 13, 2007. As a result, summary judgment must be granted in defendant's favor. See, e.g., Lytle, 326 F.3d at 471-74 (holding that summary judgment was properly granted for defendant police department because plaintiffs failed to demonstrate that police officers' unconstitutional actions stemmed from a departmental policy or custom); Carter, 164 F.3d at 216 (affirming the district court's grant of summary judgment in favor of municipality because plaintiff "fails to establish the unconstitutional policy or custom with appropriate precision"); Vincent v. Prince George's Cty., 157 F. Supp. 2d 588 (D. Md. 2001) (granting summary judgment for municipal defendant in police brutality case, where plaintiff alleged that the municipality was aware of the police department's reputation for violent behavior, because plaintiff did not provide "sufficient proof to create a genuine issue of material fact that a widespread custom of excessive force exists and/or caused his injuries").

**IV.** **Conclusion**

For the foregoing reasons, defendant's Motion for Summary Judgment (Paper No. 19) is GRANTED. A separate order shall issue.

Date:  09/01/2009                           /s/
                                            Beth P. Gesner
                                            United States Magistrate Judge

11